IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-02420-PAB-SKC

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

JARED POLIS, Governor of the State of Colorado, *et al.*,

    Defendants.

---

**ORDER**

---

This matter comes before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 76] and the Minute Order of Magistrate Judge S. Kato Crews [Docket No. 77]. The magistrate judge recommends that the Court deny plaintiff's motion for injunctive relief as moot. Docket No. 76 at 1. In light of this recommendation, the magistrate judge denied as moot plaintiff's motion for a hearing, motion for an opportunity to provide evidence, and motion for an order permitting the use of his tablet computer at said hearing. Docket No. 77 at 1. Plaintiff has filed a combined objection to the recommendation and order. Docket No. 88. Defendants have not filed a response.

**I. BACKGROUND**

For the majority of this litigation, plaintiff has been a prisoner in the Colorado Department of Corrections ("CDOC").[1] Docket No. 1 at 8, ¶ 1. Plaintiff filed this lawsuit

---

[1] On May 20, 2021, plaintiff was transferred from CDOC to the custody of the Wyoming Department of Corrections ("WDOC"). *See* Docket No. 109 at 2; Docket No.

on August 12, 2020 due to actions by various state employees during his incarceration. *See* Docket No. 1 at 8-27. The complaint asserts the following claims: (1) retaliation for engaging in the protected conduct of filing grievances, lawsuits, and requesting that certain CDOC employees be prosecuted; (2) Fourth Amendment violation due to the unauthorized seizure and disclosure of plaintiff's CDOC records; (3) conspiracy to commit Eighth Amendment violations by transferring plaintiff to facilities where he would be in danger, threatening plaintiff's witnesses, and forcing plaintiff into segregated housing for 72 days; (4) deliberate indifference to life, safety, and mental health by placing plaintiff in a housing unit with persons who were known to be hostile to him in violation of the First and Eighth Amendments; (5) violation of the duty to protect and provide the equal protection of the law as set forth in the United States Constitution, the Colorado Constitution, and Colo. Rev. Stat. § 17-1-103.8; (6) Eighth Amendment violation due to transferring plaintiff between prisons and exposing him to COVID-19; (7) violation of access to the courts by submitting lies to the Court and seizing plaintiff's legal materials; (8) Eighth Amendment violation due to failure to protect plaintiff; and (9) breach of contract due to CDOC's transfer of plaintiff and seizure of his tablet computer. *Id.* at 28-38.

On November 30, 2020, plaintiff filed a motion for injunctive relief. Docket No. 46. Plaintiff sought the return of his tablet computer, legal books, and paper case files which he alleges the CDOC seized on February 3, 2020 and have not returned. *Id.* at 19. Plaintiff argues that he is entitled to injunctive relief under Fed. R. Civ. P. 65, Colo.

---

112 at 2.

R. Civ. P. 65, and Colo. R. Civ. P. 104.  *Id.* at 12.  Defendants oppose the motion. Docket No. 64.  Also on November 30, 2020, plaintiff filed a motion for a hearing, Docket No. 48, an opportunity to provide evidence, Docket No. 47, and an order permitting the use of his tablet at the requested hearing.  Docket No. 49.

Before filing a motion for a preliminary injunction in this case, plaintiff had raised the issue of his seized tablet and legal materials in *Vreeland v. Vigil*, No. 18-cv-03165-PAB-SKC.  Plaintiff filed a motion for a preliminary injunction for the return of his tablet in *Vigil*.  No. 18-cv-03165-PAB-SKC, Docket No. 106.  On January 22, 2021, the Court issued an order in *Vigil* construing the motion for a preliminary injunction as a discovery dispute and ordering CDOC to return plaintiff's tablet for a two month period.  *Id.*, Docket No. 216 at 12.  The Court denied the motion to the extent it sought the return of plaintiff's legal books and case materials because plaintiff had not demonstrated why he needed the material to litigate his cases or why he could not collect duplicate material.  *Id.* at 11.

On February 26, 2021, the magistrate judge recommended that the Court deny the motion for a preliminary injunction in this case.  No. 20-cv-02420-PAB-SKC, Docket No. 76.  The magistrate judge recommended denying as moot the portion of the motion seeking the return of plaintiff's tablet because the Court in *Vigil* had ordered the return of the tablet for two months.  *Id.* at 1.  The magistrate judge also noted that plaintiff could not demonstrate irreparable harm because the return of the tablet allowed him to copy, by hand or otherwise, the materials he needs to litigate his cases.  *Id.* at 2.  The magistrate judge recommended denying the motion with respect to plaintiff's legal materials because the Court in *Vigil* had found similar allegations insufficient.  *Id*.  On

February 26, 2021, the magistrate judge denied plaintiff's motions for a hearing, to provide evidence, and for the use of his tablet at the hearing as moot in light of the magistrate judge's recommendation to deny the motion for a preliminary injunction. Docket No. 77 at 1. On March 5, 2021, the Court docketed an objection from plaintiff. Docket No. 88.

## II. LEGAL STANDARD

To succeed on a motion for a preliminary injunction or temporary restraining order, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009) (quoting *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003)) (internal quotation marks omitted). Granting such "drastic relief," *United States ex rel. Citizen Band Potawatomi Indian Tribe of Oklahoma v. Enter. Mgmt. Consultants, Inc.*, 883 F.2d 886, 888-89 (10th Cir. 1989), "is the exception rather than the rule." *GTE Corp. v. Williams*, 731 F.2d 676, 678 (10th Cir. 1984).

Morever, because "the limited purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," the Tenth Circuit has identified the following three types of specifically disfavored

preliminary injunctions: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005).  Injunctions that disturb the status quo alter the parties' existing relationship.  *Id*.  "The status quo is not defined by the parties' existing legal rights; it is defined by the reality of the existing status and relationships between the parties, regardless of whether the existing status and relationships may ultimately be found to be in accord or not in accord with the parties' legal rights."  *Id*. at 1259.  Because plaintiff seeks injunctive relief that would alter the status quo by requiring CDOC to return his materials, he is required "to make a heightened showing of the four factors."  *RoDa Drilling*, 552 F.3d at 1208-09; *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 342 F.3d 1170, 1177 (10th Cir. 2003).

      The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  An objection is proper if it is specific enough to enable the Court "to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  Because plaintiff's objection is timely and specific, the Court will review the recommendation de novo.  In light of plaintiff's *pro se* status, the Court construes his filings liberally.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### III.  ANALYSIS

Plaintiff makes the following objections: (1) the return of plaintiff's tablet for a two month period did not moot his motion for a preliminary injunction because he seeks the permanent return of the tablet, (2) the magistrate judge's recommendation did not consider plaintiff's state law arguments, (3) defendants' response to plaintiff's motion is a known lie, and (4) plaintiff's motions for a hearing, to provide evidence, and for the use of his tablet at the hearing are not moot.  Docket No. 88 at 4-7.

### A.  State Procedures

Plaintiff argues that the magistrate judge erred by not considering whether plaintiff was entitled to the return of his tablet under Colo. R. Civ. P. 65 and 104.  *Id.* at 6.  Plaintiff's motion states that plaintiff brings it pursuant to Fed. R. Civ. P. 65, Colo. R. Civ. P. 65, and Colo. R. Civ. P. 104.  Docket No. 46 at 1.  The magistrate judge's recommendation did not address plaintiff's argument that he is entitled to the return of his tablet pursuant to Colo. R. Civ. P. 104 under the doctrine of replevin.  *See generally* Docket No. 76.  A plaintiff bringing an action for replevin must show, by verified complaint or by complaint and an affidavit under the penalty of perjury,

> (1) That the plaintiff is the owner of the property claimed or is entitled to possession thereof and the source of such title or right; and if plaintiff's interest in such property is based upon a written instrument, a copy thereof shall be attached;
> (2) That the property is being detained by the defendant against the plaintiff's claim of right to possession; the means by which the defendant came into possession thereof, and the specific facts constituting detention against the right of the plaintiff to possession;
> (3) A particular description of the property, a statement of its actual value, and a statement to his best knowledge, information and belief concerning the location of the property and of the residence and business address, if any, of the defendant;
> (4) That the property has not been taken for a tax assessment or fine pursuant to a statute; or seized under an execution against the property of the plaintiff; or if so seized, that it is by statute exempt from seizure.

Colo. R. Civ. P. 104(b). If the complaint meets these criteria, "[t]he court shall without delay . . . issue an order directed to the defendant to show cause why the property should not be taken from the defendant and delivered to the plaintiff." Colo. R. Civ. P. 104(c). Under Fed. R. Civ. P. 64(a), "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." *See, e.g.*, *Bank of Colo. v. Wibaux 1, LLC*, No. 17-cv-02871-CMA-SKC, Docket No. 30 at 1-2 (D. Colo. Jan. 9, 2018) (issuing order to show cause "pursuant to Colorado Rule of Civil Procedure 104(c), as incorporated and made applicable by Federal Rule of Civil Procedure 64").

Plaintiff's complaint fails to show "[t]hat the property is being detained by the defendant against the plaintiff's claim of right to possession; the means by which the defendant came into possession thereof, and the specific facts constituting detention against the right of the plaintiff to possession[.]" Colo. R. Civ. P. 104(b)(2). CDOC seized plaintiff's tablet as contraband, but the Court ordered that it be returned to him for a two-month period of time in *Vigil*. No. 18-cv-03165-PAB-SKC, Docket No. 216 at 12. Plaintiff asked the Court to extend the return period beyond two months, but the Court denied the motion. *Id.*, Docket No. 253 at 6. However, plaintiff indicated that CDOC gave him the option at the end of the two-month period to either mail the tablet

home[2] or turn it over to CDOC for its preservation until plaintiff's release.[3]  *Id.*, Docket No. 230 at 1.  Plaintiff's objection in this case was filed on March 5, 2021, No. 20-cv-02420-PAB-SKC, Docket No. 88, before the expiration of the two-month period in *Vigil* on or about March 29, 2021.  No. 18-cv-03165, Docket No. 230 at 1-2.  Therefore, the Court is unaware if plaintiff exercised his option to mail the tablet to a third party or instead return it to CDOC to be held as his personal property.  If plaintiff mailed the tablet to a friend or family member, then CDOC is no longer holding the tablet.

Additionally, on May 20, 2021, plaintiff was transferred from CDOC to the custody of WDOC.  *See* No. 20-cv-02420-PAB-SKC, Docket No. 109 at 2; Docket No. 112 at 2.  Because this transfer happened after plaintiff filed his objection, it is unclear whether the tablet was transferred with plaintiff to WDOC (assuming plaintiff had not already mailed the tablet to a third party before his transfer).  It is unlikely that CDOC has possession of the tablet given plaintiff's ability to control its disposition, even though he was not allowed to possess it at CDOC.  Accordingly, the Court finds that plaintiff has not shown "the specific facts constituting detention against the right of the plaintiff to possession[.]"  Colo. R. Civ. P. 104(b)(2).  Therefore, the Court overrules plaintiff's objection to the extent it is based on Colo. R. Civ. P. 104.  The Court also overrules plaintiff's objection to the extent he argues the magistrate judge erred in not granting his

---

[2] Plaintiff stated that CDOC told him he "was to mail the tablet home or CDOC would preserve it until Plaintiff's release."  No. 18-cv-03165, Docket No. 230 at 1.  The Court construes "home" to be a reference to plaintiff's mother, other family member, or friend.

[3] The magistrate judge had earlier ordered that the tablet be preserved until further order of the Court.  No. 18-cv-03165, Docket No. 135 at 2.

motion based on Colo. R. Civ. P. 65. Federal Rule of Civil Procedure 65, not Colorado Rule of Civil Procedure 65, controls in federal court.

### B.  Motion for Preliminary Injunction

The magistrate judge recommended denying plaintiff's motion because it is moot in light of the two-month return of plaintiff's tablet and because there was no irreparable harm. Docket No. 76 at 1-2. Plaintiff argues that his motion, to the extent it seeks a preliminary injunction, is not moot because his tablet was only returned for two months and his motion seeks its permanent return. Docket No. 88 at 6. However, plaintiff's argument misses the mark. Plaintiff seeks a *preliminary* injunction to return his tablet while this case is pending. *See* Docket No. 46. To be sure, the final relief plaintiff seeks in his complaint is the permanent return of his tablet. Docket No.1 at 41. However, his motion is for a preliminary injunction, which is an intermediate version of the final relief sought. *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally."). To grant plaintiff's motion would not be to order the permanent return of plaintiff's tablet, it would be to order its return while the case is pending. Therefore, plaintiff's arguments against mootness are unavailing.

Additionally, plaintiff does not object to the magistrate judge's other conclusion that, because the Court in *Vigil* ordered the return of plaintiff's tablet for a two month period, the magistrate judge "cannot find irreparable harm." Docket No. 76 at 2. To obtain a preliminary injunction, a plaintiff must demonstrate four factors by a preponderance of the evidence: (1) a likelihood of success on the merits; (2) a likelihood

9

that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *RoDa Drilling*, 552 F.3d at 1208. Because the magistrate judge found no irreparable harm and plaintiff does not object to that finding, the Court finds that he has not demonstrated a right to a preliminary injunction.

### C.  Alleged Lies by State Actors

Plaintiff argues that state actors lied in their response to his motion by stating that CDOC policy forbids him from possessing his tablet. Docket No. 88 at 6-7. The magistrate judge's reasoning was based on the fact that the Court ordered the return of plaintiff's tablet for a two-month period, not the validity of the policy that CDOC relied on to seize his tablet in the first place. *See* Docket No. 76 at 1-2. Plaintiff has not explained how this conclusion is affected by the legitimacy of the policy relied on for the initial tablet seizure, and the Court will overrule this objection.

### D.  Mootness of Docket Nos. 47, 48, and 49

The magistrate judge denied as moot plaintiff's motion to provide new evidence, Docket No. 47, motion for a hearing, Docket No. 48, and motion for the use of his tablet at the hearing, Docket No. 49. Docket No. 77 at 1-2. Plaintiff objects that these motions are not moot. Docket No. 88 at 7.

The Court has overruled plaintiff's objections to the magistrate judge's denial of plaintiff's motion for a preliminary injunction under Fed. R. Civ. P. 65 and Colo. R. Civ. P. 65 and for replevin under Colo. R. Civ. P. 104. Docket No. 48 asks the Court to hold a hearing regarding plaintiff's motion for a preliminary injunction and replevin and Docket No. 49 asks the Court to order CDOC to deliver his tablet to the Court for the

hearing he requests in Docket No. 48.  Because the Court will deny plaintiff's motion for a preliminary injunction and replevin, his request for a hearing and for access to his tablet at the hearing are moot.  Therefore, the Court overrules plaintiff's objection to the magistrate judge's denial of Docket Nos. 48 and 49.  Plaintiff's motion to provide new evidence that allegedly shows that CDOC's reason for confiscating his tablet was false, Docket No. 47, is also moot in light of the Court's denial of his motion for a preliminary injunction and replevin.  The Court will therefore overrule plaintiff's objections to the magistrate judge's order denying as moot Docket Nos. 47, 48 and 49.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge S. Kato Crews [Docket No. 76] is **ACCEPTED**.  It is further

**ORDERED** that Plaintiff Objections to ECF 76-77 Magistrate's 6 Paragraph Recommendation to Deny Plaintiff's Motions ECF 46, 47, 48, and 49 as Moot via Order ECF 216 of Chief Judge P.A. Brimmer in Vreeland v. Vigil, et al., 18-cv-03162-PAB-SKC [Docket No. 88] is **OVERRULED**.  It is further

**ORDERED** that plaintiff's Motion for Order Pursuant to Federal Rules of Civil Procedure Rule 65 and Colorado Rules of Civil Procedure Rules 65 and 104 and Other Common Law Remedies of Conversion Detinue Replevin and Bailment for the Immediate Return of Legal and Personal Property Illegally Seized by CDOC Defendants and all Directly Associated With This Case [Docket No. 46] is **DENIED**.

DATED September 27, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge