IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-CV-02420-PAB-

DELMART E.J.M. VREELAND, II,

    Plaintiff,

v.

ADRIENNE JACOBSON, et al.,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 3 2024

JEFFREY P. COLWELL
CLERK

---

## MOTION TO SCHEDULE A HEARING TO ADDRESS VIOLATIONS OF ADMINISTRATIVE CLOSURE AGREEMENTS

---

    Plaintiff, Delmart E.J.M. Vreeland, II, Pro Se, hereby requests the Court schedule a hearing as soon as possible to address Violations of Administrative Closure Agreements. In support Plaintiff says:

    After litigating a long list of civil actions over the years, Plaintiff discussed with the Court and several Assistant Colorado Attorney General(s), and defense counsel in this matter, Mr. Rogers, the fact that Plaintiff simply wanted to be left alone, wanted the constant threats of retaliation and transfers to stop. (They have started again) Plaintiff was willing to make agreement that if he was left at CDOC-CTCF so he could continue professional video visitation with counsel, legal assistant, and work on nothing but criminal post conviction matters, Plaintiff would dismiss civil cases and not file new cases being prepared.

    At hearing before the Court, Plaintiff address these matters as did Mr. Rogers. An agreement of sorts was worked out so Plaintiff could finally rest without worrying about retaliation, transfers, and knowing he could continue video visitation with counsel, legal assistant, and work on post conviction matters.

Note here; the criminal matters and one state civil case consist of state created materials in excess of eight-hundred-thousand paper documents, seventeen-thousand illegally recorded telephone calls, thousands of photos, tens of thousands of computer registry entries, and an abundance of old VCR tapes. There are also in excess of twenty-seven thousands transcript pages.

This Court held a hearing, an agreement was made which Plaintiff agreed to keep off record, and to administratively close this case. The spirit of the agreement is no retaliation, harassment or threats to transfer, and no impediments to post conviction matters. In the event retaliation started again, a hearing would be scheduled to discuss it, and to discuss reopening this matter if necessary.

Unfortunately, the time has come to request such a hearing.

After the Court issued recommendations to administratively close this case, Chief Judge P.A. Brimmer issued the order accepting recommendation, days later state actors began harassing Plaintiff about litigation and access to courts and counsel. Doing so in effort to impede it.

In February 2024, Plaintiff's counsel served a state court C.R.S. § 13-45-101 habeas application to the CTCF Warden as she is a proper respondent according to counsel. This, of course, is not a civil complaint which violates the spirit of the agreement made in this matter. However, directly thereafter, CDOC actors began a campaign designed to obstruct post-conviction litigation and all aspects of access to courts and counsel.

State actors associated with this case, with assistance of CTCF Associate Warden, have completely stripped Plaintiff of his right to communicate with counsel in any privileged fashion, and have issued orders that all video visitation is restricted to members of the Colorado Attorney General Office, and private lawyers whom are counsel of record in prisoner civil right cases against CDOC, only.

After the order was issued by one CDOC actor, Plaintiff obtained an order from

a state court judge to allow video visitation so a civil matter could continue without disruption. CDOC actors eventually complied with the order but, in retaliation, removed the keyboard and mouse from the computer so Plaintiff had no ability to scroll through the documents with the Court, counsel or legal assistant. As a result of that, the state Court issued a second order demanding the CDOC actors provide the mouse and keyboard. (This video visitation service had been available for years and never one complaint from anyone, staff or inmates. However, after this order was issued, the state actors refused to comply with the order asserting, inter alia, a state court judge had no authority to order these CDOC employees to do anything. The statements of CDOC's Anthony DeCesaro are on Zoom video recording possessed by Plaintiff counsel.

Instead of complaining to the court about the retaliation, Plaintiff tried to move on and get done what he could. Plaintiff, counsel and legal assistant conducted as many video visits as scheduling would allow and combined a total of 13,457 files associated with the state court case which the parties demanded be produced within the 6 week period. That first set of materials were completed on May 25th, 2024.

After completing that first set, work began on a second final set and basic pleading reviews required to prepare for depositions. Video visits were reduced to less than half as they were no longer need on a daily basis.

On June 3rd, 2024, however, state actors associated with this case, i.e., Assistant A.G. Bueno, Ms. Jacobson, Mr. DeCesaro, Mr. Bourne, and others, served a pleading in the state court asking the Court to rescind it's order granting attorney client video visitation to Plaintiff and his counsel and legal assistant. The content of the pleading required response and criminal prosecution of several of the state actors involved in that case. Those matters are currently pending in the state court.

3

To this case; Plaintiff has been advised that the state actors associated with this case, not Mr. Rogers, intentionally attacked Plaintiff, his counsel, legal assistant and a private corporation, and did so in effort to force this Plaintiff into filing civil litigation in regards to the conduct of the state actors, and did this so they could violate the spirit of the agreement in this case, retaliate by moving Vreeland, and then assert that it was necessary due to the litigation Vreeland started in state court, and not associated with this matter so this matter should remain closed.

In essence, after the agreement was entered into in this matter, the state actors associated herein engaged in conspiracy conduct directed at Mr. Vreeland designed to violate his civil rights, and force him to institute litigation so state actors could use that litigation as a reason to violated the agreements made associated with the administrative closure of this case, and to claim reopening this case, or issuing an injunction, should not take place as Plaintiff chose to institute the litigation absent any state actors misconduct the administrative closure addressed.

To be clear, the state attacked Mr. Vreeland, they engaged in intentional fraud, perjury, by making known false accusations against several persons, and knowingly falsely accused Plaintiff and private parties of engaging in conduct, and did so to harm this Plaintiff in effort to retaliate and breach the agreement made herein.

Plaintiff now requests the Court schedule a hearing so that reopening this matter, and other matters relevant to this case can be addressed.

Respectfully submitted this 30th day of June, 2024.

Delmart E.J.M. Vreeland, II
Plaintiff, Pro Se
#143539 - P.O. BOX 1010
Canon City, CO 81215

4

CERTIFICATE OF SERVICE

I certify the enclosure was served to counsel of record via ECF and/or US mail all pastage paid at the address listed below on this 30th day of June, 2024:

William Rogers, III
2060 Broadway, Suite 400
Boulder, Colorado 80302

Delmart E.J.M. Vreeland, II
Plaintiff, Pro Se

5

**Colorado Department Of Corrections**

Name _VREELAND, DELMART_
Register Number _143539_
Unit _3/B/2/L_
Box Number _1010_
City, State, Zip _Canon City, CO 81215_

DENVER CO 802

1 JUL 2024 PM 4 L


neopost
07/01/2024
US POSTAGE
$00.68⁰


ZIP 81212
041L11241745

U.S. DISTRICT COURT
901 - 19th STREET
DENVER, CO  80294

80294-250151